UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian E. Rochester, # 171519, | ) |
| | ) |
| Plaintiff, | ) C/A No. 6:11-3221-RBH-KFM |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| B. DeGeorgis, Lt.; | ) |
| C/O Garrison; | ) |
| D. M. McCall, Warden; | ) |
| NFN Clayton, AW; | ) |
| F. Mauney, AW; | ) |
| J. N. Haley, Governor; | ) |
| Amy Enloe, NP; | ) |
| E. Delaney, Dr; | ) |
| B. F. Lewis, Dr.; | ) |
| Ms. Miller, HSG; | ) |
| C. C. Jones, RN; | ) |
| A Young, NP; | ) |
| Ms. White, NR; | ) |
| Ms. Brown, NR; | ) |
| Ms. Hayne, NR; | ) |
| Ms. S. Roberts, HSC; | ) |
| Lt. Church; | ) |
| Major Bush; | ) |
| Captain Allston; | ) |
| M. Snyder, Grievance Staff; | ) |
| Lt. Hunter; | ) |
| Ms. Barnwell, Internal Affairs; | ) |
| Sgt. Justice; | ) |
| C/O Page; | ) |
| Sgt. Pace; | ) |
| Steven M. Pruitt, Attorney & Firm; | ) |
| J. V. McDale, Attorney & Firm; | ) |
| J. M. Childs, United States District Judge; | ) |
| J. D. Austin, United States Magistrate Judge; | ) |
| 20 Unknown Defendants, | ) |
| | ) |
| Defendants. | ) |

_____

### *Background of this Case*

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Plaintiff is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

Plaintiff, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. Plaintiff was acquitted on other charges. He received an "active" sentence of fifty (50) years. The South Carolina Department of Corrections website (www.doc.sc.gov, last visited on December 9, 2011)) indicates that Plaintiff will be eligible for parole on January 5, 2013, but his projected release date is January 11, 2023.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action No. 2:98-0146-21AJ, Plaintiff on January 22, 1998, brought a habeas corpus action concerning his 1990 convictions. The Honorable Robert S. Carr, United States Magistrate Judge, on January 23, 1998, authorized service of the § 2254 petition and directed the respondents to file a return. The respondents filed a return and a motion for summary judgment. On March 10, 1998, Magistrate Judge Carr apprised Plaintiff of the dispositive motion procedure as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff on March 16, 1998, and on March 20, 1998, responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23, 1998, Magistrate Judge Carr recommended that the respondents' motion for summary judgment be granted. The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so. Plaintiff filed objections and two (2) amended objections to the Report and Recommendation. On April 10, 1998, the Honorable William B. Traxler, Jr., (then) United States District Judge, granted the respondents' motion for summary judgment. The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

Plaintiff's appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613) was not successful. On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States later denied discretionary appellate review. *Rochester v. South Carolina Department of Corrections*, No. 98-6613, 161 F.3d 3 [Table], 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

### *Plaintiff's Complaint*

In the above-captioned case, Plaintiff has brought suit against, *inter alia*, officials and employees of the SCDC and the State of South Carolina, the United States District Judge and the United States Magistrate Judge who had been assigned to handle Plaintiff's prior cases, and law firms and attorneys who have represented state officials in prior litigation filed by Plaintiff in state and federal courts.

Plaintiff alleges that in October 2011 Defendant DeGeorgis twice attempted to kill him, used a chemical munition ("dangerous killer gas"), refused to take him (Plaintiff)

to a shower, and has conspired with the other Defendants. Plaintiff seeks a transfer to the "GPH" (the Gilliam Psychiatric Hospital, which is located on the grounds of the Kirkland Correctional Institution in Columbia, South Carolina) or to the Oconee Memorial Hospital (in Seneca, South Carolina); four hundred billion dollars in damages; a jury trial; and one hundred million dollars under the South Carolina Tort Claims Act and the Federal Tort Claims Act. In a separately-filed motion (ECF No. 3), Plaintiff also seeks injunctive relief.

## *Discussion*

It can be judicially noticed that Plaintiff has filed more than three prior frivolous cases in this court. *See, e.g.,* 28 U.S.C. § 1915(g). The cases in which "strikes" have been entered against Plaintiff are displayed in the table below:

| Case Name | Civ. Act. No. | Date Strike Entered | Docket Entry of Order |
|---|---|---|---|
| Rochester v. E. Delane Rosemond, *et al.* | 2:09-1809-HMH-RSC | July 9, 2009 | ECF Entry No. 6 |
| Rochester v. State of South Carolina; 1000 Defendants; George W. Bush; *et al.* | 2:08-3269-HMH-RSC | September 26, 2008 | ECF Entry No. 5 |
| Rochester v. South Carolina Department of Corrections, *et al.* | 2:06-3085-HMH-RSC | November 1, 2006 | ECF Entry No. 3 |
| Rochester v. J. Strom Thurmond, Jr., *et al.* | 2:03-3373-HMH-RSC | October 31, 2003 | ECF Entry No. 2 |

| Rochester v. State of South Carolina, *et al.* | 2:03-2057-HMH-RSC | August 12, 2003 | ECF Entry No. 8 |
| --- | --- | --- | --- |
| Rochester v. United States District Court for Northern District of Georgia | 2:02-3802-HMH-RSC | November 19, 2002 | ECF Entry No. 2 |

The table above reflects the Court of Appeals' dispositions of Plaintiff's appeals in Civil Action No. 2:08-3488-HMH-RSC (Fourth Circuit Docket No. 08-8404) and in Civil Action No. 2:08-3577-HMH-RSC (Fourth Circuit Docket No. 08-8405), where the Court of Appeals found that two prior cases should *not* have been considered as "strikes." *See Rochester v. State of South Carolina*, No. 08-8404, 354 Fed.Appx. 761, 2009 WL 4506461 (4th Cir. Dec. 4, 2009); and *Rochester v. State of South Carolina*, No. 08-8405, 361 Fed.Appx. 440, 2009 WL 4547020 (4th Cir. Dec. 4, 2009). *See also McLean v. United States*, 566 F.3d 391, 395 (4th Cir. 2009) (noting the dismissal of an action *without prejudice* for failure to state a claim may not count as a "strike" under the PLRA).

This Court may take judicial notice of the aforementioned civil actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had

before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

The "three strikes" rule of the Prison Litigation Reform Act (PLRA), codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the statutory filing fee.

To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

### *Recommendation*

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Entry No. 2) be **denied**. It is further recommended that, in this case, the District Court give Plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or by a specific date determined by the United

States District Judge) to pay the full $350 filing fee, so that this matter can be returned to the undersigned magistrate judge to conduct a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, or seek an extension of time to do so, it is further recommended that, by additional order of this District Court, the Complaint be dismissed *without prejudice* and without issuance and service of process.

For **future** *non-habeas civil actions filed by Plaintiff in this Court*, it is recommended that the District Court modify Plaintiff's Order of Pre-Filing Review (Misc. No. 2:95-MC-131) to authorize the Clerk of Court to assign civil action numbers (for docket control purposes) and to authorize the assigned magistrate judge to use the General Order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), to direct Plaintiff to pay the statutory filing fee in such future non-habeas civil actions.  This modification would not affect habeas corpus actions filed by Plaintiff.

Since Plaintiff has not yet paid the full statutory filing fee in this case, it is recommended that Plaintiff's Motion for Injunctive Relief (ECF No. 3) be ***denied without prejudice***.   Plaintiff's attention is directed to the Notice on the next page.

December 12, 2011                                    s/ Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).