IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Julian E. Rochester, # 171519, ) | Civil Action No.: 6:11-cv-3221-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| B. DeGeorgia, Lt.; C/O Garrison; et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Plaintiff is under an Order of Pre-Filing Review from this Court. *See Graham v. Riddle*, 554 F.2d 133, 134-135 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Doc. # 6, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., then-United States District Judge.

In the above-captioned case, Plaintiff has brought suit against a number of individuals – including officials and employees of the SCDC and the State of South Carolina, United States District Judges and United States Magistrate Judges who had been assigned to handle Plaintiff's prior cases, and law firms and attorneys who have represented state officials in prior litigation filed by Plaintiff in state and federal courts – alleging Defendants have taken tried to kill him, refused to take him to a shower, and conspired with one another.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Kevin F. McDonald.[1] [R&R, Doc. # 20.] In the R&R, the magistrate recommends that the Court deny Plaintiff's Motion for Leave to Proceed *in forma*

---

[1] In accordance with 28 U.S.C. § 636 and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge McDonald for pretrial handling.

*pauperis* [Doc. # 2] and that the Court strengthen Plaintiff's Order of Pre-Filing Review to direct Plaintiff to pay the statutory filing fee in such future non-habeas civil actions. [*See* R&R, Doc. # 20.] Plaintiff did not file objections to the R&R, though he did file four additional motions prior to the deadline for filing objections. [*See* Docs. # 23–26.]

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory

2

objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Although Plaintiff has filed no objections, this Court has reviewed the four filings he made prior to the expiration of the deadline for filing objections. In addition to not being styled as objections, these filings fail to take issue with any specific finding in the R&R – Plaintiff merely makes fleeting references to the R&R, takes issue with previous district court findings that have led to his Order of Pre-Filing Review, and alleges that Magistrate Judge McDonald should recuse himself from the case. [*See*, *e.g.*, Doc. # 24, at 1; Doc. # 26, at 1–2.] Plaintiff has also filed a number of other motions which either attack the Court and the judges handling his cases, or attempt to raise additional substantive issues. Accordingly, none of the "objections" offered by Plaintiff meet the applicable standard set above as they contain no basis for the objections or contain no additional legal argument beyond what is found in Plaintiff's pleadings. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.

In light of Plaintiff's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)); *see also Hemingway v. Speights*, No. 3:08–cv–00849, 2009 WL 302319, at *2 (D.S.C. Feb. 6, 2009) (noting that "[a]llowing parties, including *pro se* litigants, to raise new issues or arguments at any point in

the life of a case will simply result in a needless multiplication of litigation). Nonetheless, out of an abundance of caution, this Court notes that in a related matter, it has already addressed Plaintiff's attacks regarding the judges assigned to his cases and his Order of Pre-Filing Review. *See* Order Modifying Pre-Filing Review, Doc. #21, *Rochester v. M.V. Laubshire et al.*, No. 6:12-cv-00236 (July 10, 2012).

## Conclusion

The Court has thoroughly analyzed the entire record, iincluding the R&R, "objections" to the R&R, and the applicable law. The Court has further conducted the required review of all of Plaintiff's "objections" and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's supposed objections and adopts the magistrate's R&R.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. # 2] is **DENIED**. Plaintiff shall have twenty-one (21) days from the date of this Order to pay the full $350 filing fee, so that this matter can be returned to the magistrate judge to conduct a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to pay the full $350 filing fee within twenty-one (21) days from the date of this Order, it is **FURTHER ORDERED** that the Complaint shall be dismissed without prejudice and without issuance and service of process.

**IT IS FURTHER ORDERED** that since Plaintiff has not yet paid the full statutory filing

---

[2] Magistrate Judge McDonald recommends modifying Plaintiff's Order of Pre-Filing Review, first issued in the case *In Re: Julian Edward Rochester*, Doc. # 6, Misc. No. 2:95-MC-131 (Jan. 29, 1996). This Court concurs, and has adopted Judge McDonald's recommendation via its Order Modifying Pre-Filing Review in the related case of *Rochester v. M.V. Laubshire et al.*, Doc. #21, No. 6:12-cv-00236 (July 10, 2012).

fee in this case, all pending motions are **DENIED** without prejudice.

    **IT IS SO ORDERED**.

                                                 s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

Florence, South Carolina
July 10, 2012